# STATE OF LOUISIANA

## COURT OF APPEAL

### FIRST CIRCUIT

### 2017 KA 1755R

## STATE OF LOUISIANA

### VERSUS

## MICHAEL JOSEPH BROOKS, JR.

Judgment Rendered: SEP 1 7 2020

* * * * * *

On Appeal from the Thirty-Second Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana

Docket No. 703889

Honorable John R. Walker, Judge Presiding

* * * * * *

Joseph L. Waitz, Jr.
District Attorney
Ellen Daigle Doskey
Assistant District Attorney
Houma, Louisiana

Counsel for Appellee
State of Louisiana


Michael Joseph Brooks, Jr.
Louisiana State Penitentiary
Angola, Louisiana

Defendant/Appellant
In Proper Person


Bertha M. Hillman
Louisiana Appellate Project
Covington, Louisiana

Counsel for Defendant/Appellant
Michael Joseph Brooks, Jr.


* * * * * *


BEFORE: WHIPPLE, C.J., McCLENDON, AND HIGGINBOTHAM, JJ.

**McCLENDON, J.**

Defendant, Michael Joseph Brooks, Jr., was charged by grand jury indictment with one count of molestation of a juvenile (under the age of thirteen years), a violation of LSA-R.S. 14:81.2 (count 1), and two counts of aggravated rape (of a victim under the age of thirteen years), violations of LSA-R.S. 14:42 (prior to amendment, which re-designated aggravated rape as first degree rape) (counts 2 and 3). He entered a plea of not guilty and, following a jury trial, was found guilty as charged on counts 1 and 3, both by eleven-to-one jury verdicts. Defendant was found not guilty on count 2 (aggravated rape). Defendant filed a motion for post-verdict judgment of acquittal, which was denied. On count 1, defendant was sentenced to twenty-five years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence; on count 3, he was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence. The sentences were ordered to run concurrently.

Defendant appealed, and this court affirmed his convictions for counts 1 and 3, affirmed the sentence for count 1, and as amended, affirmed the sentence for count 3. **State v. Brooks**, 17-1755 (La.App. 1 Cir. 9/24/18), 258 So.3d 944.[1] The Louisiana Supreme Court subsequently denied writs. **State v. Brooks**, 18-1718 (La. 2/25/19), 266 So.3d 289. The United States Supreme Court granted certiorari, vacated the judgment, and remanded the matter for further consideration in light of **Ramos v. Louisiana**, 590 U.S. ___, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). **Brooks v. Louisiana**, ___U.S. ___, ___ S.Ct. ___, 206 L.Ed.2d 849, 2020 WL 1978928 (2020).

## PRO SE ASSIGNMENT OF ERROR

In a pro se assignment of error in the original opinion, defendant argued the trial court erred in accepting non-unanimous jury verdicts.[2]

According to defendant, he was denied his due process by the trial court's instruction to the jury regarding a non-unanimous verdict. Specifically, defendant

---

[1] On appeal, this court found that defendant's arguments challenging the sufficiency of the evidence for both convictions were without merit. The facts of the case and treatment of the assignments of error are in the original opinion.

[2] The jury verdicts on both counts 1 and 3 were eleven to one.

2

contended that LSA-C.Cr.P. art. 782A and the Louisiana Constitution provision for non-unanimous jury verdicts violate the Fourteenth Amendment's Equal Protection Clause of the United States Constitution.

In the recent **Ramos** decision, 140 S.Ct. at 1397, the United States Supreme Court overruled **Apodaca v. Oregon,**[3] 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The **Ramos** Court further noted that its ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. **Ramos**, 140 S.Ct. at 1406.

Accordingly, defendant's convictions and sentences for molestation of a juvenile (count 1) and aggravated rape (count 3) are set aside. This matter is remanded to the trial court for a new trial.

**CONVICTIONS AND SENTENCES ON COUNTS 1 AND 3 SET ASIDE; REMANDED FOR A NEW TRIAL.**

---

[3] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in **Apodaca**. **Johnson v. Louisiana**, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with **Apodaca**, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts.